UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MALCOLM JACKSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-cv-776-CDP |
| MATT BRIESACHER, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Malcolm Jackson, an inmate at the Farmington Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 6/filed April 3, 2017).[1] The motion will be granted. In addition, for the reasons explained below, this case will be dismissed.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

---

[1] On March 13, 2017, plaintiff submitted an unsigned motion for leave to proceed *in forma pauperis*. (Docket No. 3). The Court ordered the motion returned to plaintiff for signature, and on April 3, 2017 plaintiff complied, submitting the signed motion as a new motion for leave to proceed *in forma pauperis*. (Docket No. 6). The unsigned motion will be stricken from the record.

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly balance of $103.44. The Court therefore assesses an initial partial filing fee of $20.69, twenty percent of petitioner's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

A Court must liberally construe a *pro se* complaint, and accept as true the factual allegations therein. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The rule that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*,

556 U.S. at 678. In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff initiated this action on February 21, 2017, using a form entitled "Verified Criminal Complaint and Affidavit of Facts." (Docket No. 1). Named as defendants are Matt Briesacher, General Counsel for the Missouri Department of Corrections, and Sara Rogers, a mailroom supervisor.

Plaintiff checked boxes on the form complaint alleging that defendants are guilty of the crimes defined in Title 18 U.S.C. §§ 872, 1509, 1519, and 1623. In support, plaintiff alleges that "incarcerated persons" are charged "extra postage." *(Id.* at 2). He states that his sister once asked him why he put extra postage on a letter when she was able to mail a one-ounce letter using a single stamp. He alleges that, over a four-month period, Rogers "held letters or cards of mine with the same notice 'wet envelope' or 'not enough postage required.'" *(Id.)* Plaintiff also alleges that a notice was posted on the bulletin board in January of 2017 notifying of a postage rate increase, which is an "illegally executed act obstructed process of the procedure!" *(Id.* at 3). Plaintiff does not allege that his legal mail was affected, or that he was ever completely deprived of sending or receiving any type of mail. Throughout the complaint, plaintiff purports to bring claims on behalf of incarcerated people in general. As relief, he states he wants this Court to order an investigation.

## Discussion

Plaintiff's allegations that defendants have committed criminal wrongdoing are not cognizable. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a citizen "lacks a judicially

3

cognizable interest in the prosecution or nonprosecution of another"). This Court lacks the authority to launch criminal investigations, file criminal charges, or to direct a prosecuting attorney to file charges. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (the decision whether to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in the prosecutor's discretion); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986). Because the complaint states no cognizable claims, it will be dismissed.

Allowing plaintiff leave to amend to bring his claims under 42 U.S.C. § 1983 would be futile. To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's allegations would not satisfy the first prong because inmates have no constitutionally-protected interest in obtaining postage as cheaply as possible. *See McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003). In addition, while plaintiff states that some of his mail was held because it did not conform with a prison regulation, he does not claim that any of his mail was thrown away or destroyed. Plaintiff's allegations would therefore merely amount to claims of delay or inconvenience. While prisoners enjoy a limited right to correspond with people outside the prison, that right "is subject to restriction to the extent clearly necessary to protect the government's interest in security and order within the prison." *Stevens v. Ralston*, 674 F.2d 759, 760 (8th Cir. 1982) (*citing Procunier v. Martinez*, 416 U.S. 396, 413 (1974)).

Plaintiff's allegations would not state a claim of violation of his right to court access because he makes no mention of legal mail, and his claim that notice of a postal rate increase appeared on a bulletin board would be frivolous. Finally, plaintiff does not describe with any

specificity an instance in which either defendant was personally responsible for causing him harm. Instead, plaintiff alleges, in conclusory fashion, that the prison overcharges inmates for postage. Plaintiff lacks standing to bring claims on behalf of others, *see Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), and he would not be permitted to represent others in Court because he is not a licensed attorney. *See* 28 U.S.C. § 1654.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $20.69 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* filed on March 13, 2017 (Docket No. 3) is **STRICKEN** because it was unsigned.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of April, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE